**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

TIJUANA L. CANDERS,                )
                                   )
            Plaintiff,             )
                                   )       Civil Action No. 25-03889 (UNA)
v.                                 )
                                   )
DERRICK REEVES.                    )
                                   )
            Defendant.             )

**Memorandum Opinion**

This matter is before the court on its initial review of Plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application and dismisses the complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

Plaintiff, who lists her residential address as the U.S. Library of Congress, sues an individual who resides in Columbus, Ohio. *See* ECF No. 1 at 1–3. She alleges that Defendant has committed various wrongs against her, including hacking her systems, surveilling her whereabouts, and threatening her through "witchcraft" and in association with his network of bad actors. *See id*. at 4–5. She demands $3 million in damages. *Id*. at 4.

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are

'so attenuated and unsubstantial as to be absolutely devoid of merit.'" (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904))); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins"). A court may dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307–08 (D.C. Cir. 1981). The instant complaint falls into this category.

Accordingly, Plaintiff's complaint is dismissed without prejudice. A separate order accompanies this memorandum opinion.

Date:   April 8, 2026                 /s/_____
                                          AMIR H. ALI
                                          *United States District Judge*